**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4908-18

KEVIN STOUT,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

> Argued October 21, 2020 – Decided March 7, 2022
>
> Before Judges Accurso, Vernoia and Enright.
>
> On appeal from the New Jersey State Parole Board.
>
> Ronald K. Chen argued the cause for appellant (Rutgers Constitutional Rights Clinic Center for Law & Justice and American Civil Liberties Union of New Jersey Foundation, attorneys; Ronald K. Chen, Jeanne Locicero, and Tess Borden, of counsel and on the briefs).
>
> Christopher C. Josephson, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa,

Assistant Attorney General, of counsel; Christopher C. Josephson, on the brief).

The opinion of the court was delivered by

ACCURSO, J.A.D.

Kevin Stout appeals from the May 29, 2019 final decision of the New Jersey State Parole Board denying him parole and establishing a thirty-six month future eligibility term (FET). Stout appeals, raising the following issues for our consideration:

> I.     THE PAROLE BOARD HAS NOT DEFINED THE STANDARDS BY WHICH IT DETERMINED THAT THERE IS A SUBSTANTIAL LIKELIHOOD THAT MR. STOUT WILL COMMIT A CRIME IF RELEASED ON PAROLE. (NOT RAISED BELOW).
>
> A.     The Parole Board's Decision Did Not Apply the Statutory or Regulatory Standards for Parole. (Not Raised Below).
>
> B.     The Parole Board Engaged in Improper Ad Hoc Rulemaking in Using "Lack of Insight" as the Basis for Denying Parole. (Not Raised Below).
>
> C.     Use of the Catch-All Phrase "Any Other Factors Deemed Relevant" Does Not Allow the Parole Board to Dispense with Its Rule-Making Obligations. (Not Raised Below).
>
> D.     In Order to "Tether" the Facts to a Rule or Regulation, It Is Necessary to Know What the Rule or Regulation Is. (Not Raised Below).

A-4908-18

II.    THE PAROLE BOARD'S CHECKLIST METHODOLOGY OF DENYING MR. STOUT PAROLE FAILED TO ARTICULATE ITS BASIS FOR ITS DECISION IN A MANNER THAT PERMITS MEANINGFUL JUDICIAL REVIEW. (NOT RAISED BELOW).

    A.    The Rote and Mechanical Process by Which the Parole Board Considered Mr. Stout's Parole Application Precludes Meaningful Judicial Review. (Not Raised Below).

    B.    The Parole Board Failed to Assess Direct Empirical Evidence of Non-Likelihood of Future Criminality, Including Nineteen Years of Infraction Free Behavior.  (Not Raised Below).

III.    THE RECORD ESTABLISHED IN THIS CASE DOES NOT SATISFY THE REQUIREMENTS OF THE PAROLE ACT OF 1979 THAT THERE IS A SUBSTANTIAL LIKELIHOOD THAT MR. STOUT WILL COMMIT A CRIME IF RELEASED.  (NOT RAISED BELOW).

IV.    THE PAROLE BOARD ACTED ARBITRARILY AND CAPRICIOUSLY IN ESTABLISHING A FUTURE ELIGIBILITY TERM INCONSISTENT WITH ITS OWN REGULATIONS. (NOT RAISED BELOW).

Stout was convicted in 1982 of the murder of a sixty-four-year-old shopkeeper, whom he shot in the face while robbing her small, neighborhood variety store in the middle of the afternoon.  He was nineteen at the time.  He was apprehended a few weeks later in the course of another armed robbery,

3

after police thwarted his efforts to get a cocked and loaded gun out of his pocket in the midst of a struggle. Stout was sentenced to life in prison with a minimum term of twenty-five years, consecutive to the ten-year term he was then serving for the armed robbery.

Stout first became eligible for parole in 2009, after serving almost thirty years in prison. By that time, he'd been convicted of possession of a controlled dangerous substance in prison, for which he received a five-year sentence, and amassed a disciplinary record of forty-seven prohibited acts, eleven of them asterisk infractions, see N.J.A.C. 10A:4-4.1, although he had been infraction-free for nearly ten years when he first appeared before the Board.

We affirmed the Board's denial of parole in 2011 under the 1979 Parole Act standard applicable in Stout's case, see Trantino v. New Jersey State Parole Bd. (Trantino VI), 166 N.J. 113, 126 (2001) (explaining application of the 1979 Act), but reversed the fifteen-year FET, noting it "substantially exceeded the presumptive twenty-seven month limit by more than twelve years." Stout v. N.J. State Parole Bd., No. A-5064-09 (App. Div. June 7, 2011) (slip op. at 8). We found the Board's reasons, that Stout was "unable to identify the causes of [his] violent behavior"; had "failed to develop adequate insight into [his] criminal personality characteristic"; "failed to appropriately

4

A-4908-18

and adequately address a contributing factor (substance abuse) of [his] violent behavior"; "committed a new criminal offense during [his] incarceration"; and "continued [his] anti-social, maladaptive behavior during [his] incarceration by committing numerous serious institutional infractions," "unpersuasive to warrant the imposition of an FET nearly seven times the presumptive term" and "did not properly account for the temporal remoteness of Stout's criminality and prohibited acts." Id. at 8-10.

When the Board on remand re-imposed the same fifteen-year FET we'd found "manifestly excessive," we again reversed in 2014 and remanded for the Board "to impose an appropriate term in conformity with law." Stout v. N.J. State Parole Bd., No. A-5695-11 (App. Div. Jan. 7, 2014) (slip op. at 3). We considered Stout's appeals from the Board's 2014 final decision on second remand establishing a ten-year FET and its February 25, 2015 final decision denying parole and imposing a thirty-six-month FET together in the fall of 2016. Stout v. N.J. State Parole Bd., Nos. A-0034-14 and A-3623-14 (App. Div. Nov. 15, 2016) (slip op. at 1-2). By that time, the Board's 2015 thirty-six-month FET had also expired, and the Board had recently again denied Stout parole and established a sixty-month FET, which was pending administrative appeal. Id. at 2. As Stout had already served out the reduced ten-year FET

and the subsequent three-year FET the Board imposed in 2015, we determined there was no effective relief we could render regarding the FET we remanded to the Board in 2011 and 2014 and dismissed that matter as moot. Id. at 6.

Although the same could have been said of Stout's appeal from the Board's 2015 decision, at least as to the FET, we declined to dismiss the appeal because we had not considered the Board's decision to deny Stout parole at that time. Ibid. Having been advised the Board had once again denied Stout parole and established a five-year FET, which had begun to run subject to internal appeal but was thus not yet final, we deferred decision on the 2015 denial of parole for a planned consolidation with the matter then pending before the Board with the aim of ending a cycle that had obviously "thwarted effective appellate review of this case for several years." Id. at 6-8.

The Board's decision in the new case became final in fall 2017. After reviewing the briefs in the two appeals finally before us at the start of the 2017-18 court term, we sua sponte appointed Ronald K. Chen of the Rutgers Constitutional Rights Clinic as counsel for Stout to assist him in presenting the issues raised by the appeals. In a supplemental brief and at oral argument, Professor Chen and his team contended the Parole Board abused its discretion by "fail[ing] to articulate in any comprehensible fashion" the reasons for again

denying Stout parole and imposing an FET more than twice as long as the presumptive term for inmates convicted of murder.

In an opinion issued in 2018, where we recount this convoluted procedural history in greater detail, we dismissed Stout's appeal challenging the Board's 2015 denial of parole, and affirmed both the 2017 denial of appeal and the five-year eligibility term. Stout v. N.J. State Parole Bd., No. A-3623-14, A-2478-16 (App. Div. July 23, 2018) (slip op. at 2). Three months after we issued our decision, a two-member panel of the Board again denied Stout parole and established a thirty-six-month FET. Stout appealed the decision to the full Board, which issued a written decision affirming the panel's decision on May 29, 2019. Professor Chen determined, without our intervention, to continue his representation of Stout on his appeal of this fourth denial of parole since he became eligible in 2009.[1]

In its October 26, 2018 decision denying Stout parole, the Board panel, using its checklist of "mitigating factors" and "reasons for denial," checked off the following mitigating factors:

- Infraction free since last panel.

---

[1] We again express our gratitude to Professor Chen for his professionalism and zealous advocacy in representing Mr. Stout and raising the important issues presented in this matter.

- Participation in program(s) specific to behavior.

- Participation in institutional program(s).

- Institutional reports reflect favorable institutional adjustment.

- Attempt made to enroll and participate in program(s) but was not admitted.

- Positive adjustment to T[herapeutic] C[ommunity] program/Assessment Center/R[esidential] C[ommunity] R[elease] P[rogram].

- Minimum custody status achieved/maintained.

- Commutation time restored.

The Board checked off the following reasons for denial:

- Facts and circumstances of offense(s). Specifically, shot and killed woman during a robbery.

- Prior offense record is extensive.

- Offense record is repetitive.

- Prior offense record noted.

- Nature of criminal record increasingly more serious.

- Committed to incarceration for multiple offenses.

- Current opportunity(ies) on community supervision (probation/parole terminated/revoked for the commission of new offense(s)).

A-4908-18

- Prior opportunity(ies) on community supervision (probation/parole) has (have) failed to deter criminal behavior.

- Prior opportunity(ies) on community supervision (probation/parole) has (have) been violated/terminated/revoked in the past for technical violation(s).

- Prior incarceration(s) did not deter criminal behavior.

- Institutional infraction(s): numerous/persistent/serious in nature; loss of commutation time; confinement in detention and/or Administrative Segregation; consistent with offense record. Last infraction _____.

- Insufficient problem(s) resolution. Specifically:

   - minimizes conduct;

   - other: Inmate still lacks insight into his criminal behavior and why he would shoot a woman in the face point blank, other than responding that he was impatient that victim did not give him the money fast enough. Inmate has a long history of violence and noncompliance with supervision. He admits he was getting high on drugs during his crime spree, that it's a day to day struggle even though he reports 18 years clean.

- Risk assessment evaluation. 32

In its May 29, 2019 decision affirming the denial of Stout's parole, the Board rejected Stout's contentions that the panel's fourth decision denying him

9

parole and imposing a thirty-six-month FET was "arbitrary, capricious and presumptively vindictive" because the reasons for denial were the same ones the panel had used before. The Board found no credible evidence to support Stout's claims, parroted the panel's narrative remarks and concurred with its determination "that a preponderance of the evidence indicates that there is a substantial likelihood that [Stout] would commit a crime if released on parole at this time."

Shortly before argument in October 2020, the Parole Board filed a motion notifying us the full Board had granted Stout parole on September 15, 2020, that he would soon be released to a residential community release program, and, accordingly, the appeal should be dismissed as moot. Stout opposed the motion, raising the following issues:

> I. This Appeal Raises Matters of Public Importance.
>
> A. The Use of "Insufficient Dispute Resolution" and "Lack of Insight" as Criteria for Determining Parole Eligibility Without Complying with the Requirements of the Administrative Procedures Act Presents an Important Issue of Law that the Courts Should Address.
>
> B. The Legal Issue Presented Here is Capable of Repetition.

10

C. Determination of the Legal Issue
Presented in this Case Does Not Depend on the
Individual Facts of Mr. Stout's Case.

II. The Interests of Justice Require that the Court
Address the Legal Issues Presented in this Case.

Having considered the issues, we agree with the Board the appeal should

be dismissed as moot. We acknowledge Stout's argument that the Board's

checklist and brief narrative make it difficult for us to understand how the

Board has weighed the factors it lists as those it considered in denying appeal

and setting a thirty-six-month FET. Had the Board not determined to release

Stout on parole, we might have been inclined to remand for the Board to better

explain its reasoning. See Kosmin v. New Jersey State Parole Bd., 363 N.J.

Super. 28, 40 (App. Div. 2003). But a remand now would obviously serve no

purpose in this case.

We do not discount the significant arguments Professor Chen has raised

about the Board's use of "insufficient dispute resolution" and "lack of insight"

as criteria for determining parole eligibility, given they are not among those

listed in N.J.A.C. 10A:71-3.11(b), and we are acutely aware of the difficulty

another inmate denied parole would encounter mounting such a challenge

without counsel, as is usually the case in these matters. Nevertheless, we do

not agree such important issues should be considered outside the context of a

11

live controversy. We cannot avoid that the Parole Board's decisions are highly "individualized discretionary appraisals." Trantino VI, 166 N.J. at 173 (2001) (quoting Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 359 (1973)).

In our last opinion in Stout's case, we rejected his challenge to the Board's use of "lack of 'insight' into prior criminal behavior as predictive of an inmate's current propensity to reoffend as ad hoc rule-making in violation of Metromedia, Inc. v. Dir., Div. of Taxation, 97 N.J. 313, 331-32 (1984)," finding "those arguments . . . incompatible with the Legislature's delegation to the Parole Board." Stout, No. A-3623-14, A-2478-16 (slip op. at 23). Although acknowledging "the Board's reliance on an inmate's 'lack of insight into his violent criminal behavior' untethered to specific facts would likely be an insufficient basis to support denial of parole," we were unwilling to say it was "insignificant to the Board's assessment of an inmate's propensity to further criminality," noting "[a]n inmate's own understanding or insight into the reasons for his violent criminal behavior figures into at least three of the factors included in N.J.A.C. 10A:71-3.11(b)." Id. at 23-24. Moreover, despite our previously expressed misgivings about the Parole Board's handling of this matter, after having reviewed the entire record, we were satisfied the Board had appropriately analyzed the relevant factors, and that there was substantial

12

credible evidence in the record to support its 2016 denial of parole to Stout and the establishment of a sixty-month FET. Id. at 14-15.

All that to say, this is not the appropriate case to consider the points raised. An adequate record in a live controversy is essential to our understanding and just resolution of the issues given the nature of the decisions entrusted to the Board. Accordingly, we dismiss the appeal as moot.[2] See Redd v. Bowman, 223 N.J. 87, 104 (2015) (quoting Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2001)) (explaining an "issue is 'moot when our decision . . . , when rendered, can have no practical effect on the existing controversy'").

Appeal dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] We will enter a separate order granting the Board's motion, M-0622-20, to dismiss the appeal as moot.

A-4908-18